# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 4249 | **DATE** | 1/23/2002 |
| **CASE TITLE** | Thomas vs. Ocwan Federal Bank et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Defendant Ocwan Federal Bank's motion (Doc 18-1 & 18-2) to dismiss, or in the alternative, motion to stay, is granted. Defendant Marquette National Bank's motion (Doc 15-1) motion for judgment on the pleadings is granted. Defendant Meritage Mortgage Corp.'s motion (Doc 24-1) to dismiss is granted. Thomas' complaint is dismissed against defendants Ocwen, Marquette and Meritage. Litton's motion for judgment on the pleadings is granted as to Count IV. Answer to the remainder of defendant Litton's motion for judgment on the pleadings is due February 6, 2002. Reply due February 13, 2002. Ruling set for March 6, 2002.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | JAN 25 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 31 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 02 JAN 23 PM 5: 13 | date mailed notice | |
| SCT | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ALICE L. THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 01 C 4249 |
| | ) | |
| OCWEN FEDERAL BANK FSB, LITTON | ) | |
| LOAN SERVICING, MARQUETTE | ) | |
| NATIONAL BANK, and MERITAGE | ) | |
| MORTGAGE CORPORATION, | ) | DOCKETED |
| | ) | |
| Defendants. | ) | JAN 25 2002 |

## MEMORANDUM OPINION

The following matter is before the court on Defendant Ocwen Federal Bank FSB's ("Ocwen") motion to dismiss or, in the alternative, motion to stay, Defendant Marquette National Bank ("Marquette's") motion for judgment on the pleadings, and Defendant Meritage Mortgage Corporation's ("Meritage") motion to dismiss. For the following reasons, the Defendants' motions are granted.

## BACKGROUND

The following facts are taken from Plaintiff Alice Thomas's ("Thomas") complaint, and the court is obligated to accept them as true. Thomas, along with Isiah Thomas, purchased a single-family home in Chicago in 1968 and paid off the mortgage on that home in 1978. In 1994, Thomas borrowed approximately $69,000 against that home from Evergreen Bank for home repairs and to pay off consolidated bills. Because

Evergreen Bank ceased operations, Thomas subsequently refinanced this loan with Marquette. Acting as mortgage broker, Marquette arranged for and transferred the mortgage loan to Ocwen in 1998. Ocwen ultimately assigned, sold or transferred the servicing of Thomas's loan to Defendant Litton Loan Servicing on November 1, 2000.

The HUD-1 Settlement Statement, signed by Thomas and dated October 23, 1998, lists the charges for the settlement services Thomas incurred in connection with the closing of her loan. According to Thomas, she did not receive any compensable good, service or facility for the charge labeled "yield spread premium," and, therefore, that charge is duplicative in violation of section 8 of Real Estate Settlement Procedures Act 12 U.S.C. 2607 ("RESPA"). As such, Thomas alleges that the yield spread premium constitutes an illegal kickback or referral fee. She further alleges that none of the Defendants, either before or during the closing of her loan, informed her of the nature of the yield spread premium payment or the effect it would have on her interest rate.

In addition to alleging that the charges she incurred during the closing of her loan violated RESPA, Thomas alleges that certain other fees Defendants charged her after the closing of her loan violate RESPA. Among these are attorney fees related to foreclosure proceedings that Ocwen charged her for in both October 1999 and March 2001, even though she was not in foreclosure at those times. Thomas further alleges that, when she attempted to refinance her loan with AMA Financial Mortgage Corporation ("AMA"), Ocwen sent AMA a payoff statement which contained inflated

prepayment penalties. Additionally, Thomas alleges that Ocwen wrongfully charged her for forced-placed insurance.

Thomas filed an original Complaint consisting of sixteen counts against Defendants Ocwen, Marquette, Meritage, and Litton on June 7, 2001. Thomas subsequently filed a First Amended Complaint consisting of eight counts against the same four Defendants on July 20, 2001. Counts I, II, III, IV, V, and VI are brought under RESPA and based on the allegations described above. Count VII alleges a violation of the Fair Debt Collection Practices Act, 15, U.S.C. §§ 1692 *et seq* ("FDCPA") and Count VIII alleges a violation of the Truth in Lending Act, 15 U.S.C. § 1639 ("TILA"). Ocwen, Meritage, and Marquette (collectively "the Defendants") now move to dismiss the Counts against them. Although Defendants have filed separate motions, the court considers their motions together because they present, in large part, the same legal argument.

## LEGAL STANDARD

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case. Triad Assoc., Inc. v. Chicago Housing Auth., 892 F.2d 583, 586 (7th Cir. 1989). In ruling on a motion to dismiss, the court must first construe the complaint's allegations in the lightmost favorable to the plaintiff and all well-pleaded facts and allegations in the plaintiff's complaint must be taken as true. Bontkowski v. First Nat'l Bank of Cicero, 998 F.2d 459, 461 (7th Cir. 1993). The allegations of a complaint should not be dismissed for

failure to state a claim "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Hartford Fire Ins. Co. v. California, 509 U.S. 764 (1993); Sherwin Manor Nursing Ctr., Inc. v. McAuliffe, 37 F.3d 1216, 1219 (7th Cir. 1994). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. Lucien v. Preiner, 967 F.2d 1166, 1168 (7th Cir. 1992).

In reviewing a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court is limited to the allegations contained in the pleadings themselves. Documents incorporated by reference into the pleadings and documents attached to the pleadings as exhibits are considered part of the pleadings for all purposes. Fed.R. Civ.P. 10(c). In addition, "documents that a defendant attaches to a motion to dismiss are considered a part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." Venture Assoc. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993). Finally, the standard of review for a motion for judgment on the pleadings under Fed.R. Civ.Pro 12(c) is the same as for a motion to dismiss under Rule 12(b). Zic v. Italian Gov't Travel Office, 130 F. Supp.2d 991 (N.D. Ill. 2001). With these principles in mind, the court turns to the instant motions.

## DISCUSSION

The primary basis for each of the Defendants' motions is that Thomas's RESPA and TILA claims are barred by the statute of limitations. Both RESPA and TILA each

have a one year statute of limitations period. 12 U.S.C. § 2614; 15 U.S.C. § 1640(e). Defendants assert that all of the conduct complained about in Counts I, II, III, IV, VI, and VIII occurred in May 2000 or earlier. Notably, the closing of Thomas's loan, the day upon which claims under RESPA and disclosure claims under TILA typically accrue, see e.g., Anderson v. New Dimension Fin. Serv., L.P., No. 00 C 3725, 2001 U.S. Dist. LEXIS 11412, *13 (N.D. Ill. Aug. 6, 2001); Evans v. Rudy-Luther Toyota, Inc., 39 F. Supp.2d 1177, 1181 (D. Minn. 1999), is October 23, 1998.[1] This action was filed more than one year later on June 7, 2001. Accordingly, Defendants ask that the court dismiss Thomas's claims.

Thomas does not dispute that she filed her complaint outside the one year statute of limitations period. Instead, she argues that both RESPA and TILA are subject to equitable tolling. The court agrees that RESPA and TILA are subject to equitable tolling. See Lawyers Title Ins. Corp. v. Dearborn Title Corp., 118 F.3d 1157 (7th Cir. 1997); Evans, 39 F. Supp.2d at 1177; Ramadan v. The Chase Manhattan Corp., 156 F.3d 499 (3rd Cir. 1998); Ellis v. Gen'l Motors Acceptance Corp., 160 F.3d 703 (11th Cir. 1998). But the conclusion that equitable tolling may apply to Thomas's claims does not mean that the doctrine in fact *does* apply. The court now turns to the issue of

---

[1] Thomas's complaint presents two dates for the closing of her loan. Her complaint alleges that her loan closed on November 8, 1998 but the HUD-1 Settlement Statement attached to her complaint is dated October 23, 1998. Although the date on the HUD-1 Settlement Statement controls, Banco Del Estado v. Navistar Int'l Transp. Corp., 942 F. Supp. 1176, 1179 (N.D. Ill. 1996), this discrepancy is ultimately of no consequence because both dates are outside of the one-year period before Thomas filed her complaint.

whether Thomas's allegations justify the application of an exception to the statute of limitations. The court notes that the burden of demonstrating that the applicable statute of limitations be tolled falls on Thomas. See e.g., Kerby v. Mortgage Funding Corp., 992 F. Supp. 787, 798 (D. Md. 1998); Diehl v. ACRI Co., 910 F. Supp. 439, 444 (C.D. Ill. 1995).

The court begins by noting that where, as here, the expiration of the statute of limitations is clear from the face of the complaint, the plaintiff must plead in the complaint any exceptions to the application of the statute of limitations upon which the plaintiff relied in bringing her case. See Theriot, III v. Captain James Sprinkle, Inc., No. 93-3709, 1994 WL 287392 (7th Cir. June 28, 1994) (quoting Kincheloe v. Farmer, 214 f.2d 604, 605 (7th Cir. 1954)); Anderson, 2001 U.S. Dist LEXIS 11412, at *14; Pedraza v. United Guaranty Corp., 114 F. Supp.2d 1347, 1356 (S.D. Ga. 2000); Training Inst., Inc. v. City of Chicago, 937 F. Supp. 743, 751 (N.D. Ill. 1996). It is not clear from Thomas's opposition papers whether she is attempting to invoke the exception of equitable tolling or the exception of fraudulent concealment. In the end, however, this is of little import because Thomas's allegations fail to provide a factual basis for either doctrine.

Fraudulent concealment "denotes efforts by the defendant – above and beyond the wrongdoing upon which the plaintiff's claim is founded – to prevent the plaintiff from suing in time." Cada v. Baxter Healthcare Corp., 920 F.2d 446, 452 (7th Cir. 1990); see Evans, 39 F. Supp.2d at 1184 (explaining that fraudulent concealment

exception only applies to toll TILA statute of limitations when there is fraudulent conduct by the defendant beyond the nondisclosure itself). Additionally, the heightened pleading requirements of Fed.R. Civ. Pro 9(b) apply. Evans, 39 F. Supp. 2d at 1185 n. 5; Pedraza, 114 F. Supp.2d at 1356. Thomas has not alleged in her First Amended Complaint that any of the Defendants engaged in fraudulent conduct beyond the alleged violations themselves. She alleges no affirmative misrepresentations by the Defendants that prevented her from filing her suit in a timely manner. Therefore, Thomas's allegations do not support the application of fraudulent concealment to toll the statute of limitations. See Cada, 920 F.2d at 452; Evans, 39 F. Supp.2d at 1184-85; Pedraza, 114 F. Supp.2d at 1357-58; See Johnson v. Resource Bancshares Mortgage Grp., No. 97-2378, 2000 U.S. Dist. LEXIS 21384, at *4-5 (D. Minn. May 5, 2000).

Nor do her allegations support application of the doctrine of equitable tolling. To avoid the application of a statute of limitations through equitable tolling, a plaintiff "need show [] that he could not by the exercise of reasonable diligence have discovered essential information bearing on his claim." Cada, 920 F.2d at 452. Thomas has not alleged any facts indicating that she exercised diligence to discover the allegedly wrongful nature of the fees and charges she now challenges.

Indeed, the HUD-1 Settlement Statement, which Thomas has attached to her complaint, belies Thomas's allegations that she was unaware of the yield spread premium and that the Defendants' concealed its existence from her. The HUD-1 Settlement Statement identifies the charges about which Thomas now complains and,

more importantly, was signed by Thomas. By signing the HUD-1 Settlement Statement, Thomas certified that she had "carefully reviewed" its contents and had received a copy of the statement. Similarly, although Thomas claims she never received or read a Truth in Lending Statement pertaining to her loan, Defendant Meritage has attached a copy of a Truth in Lending Statement dated August 5, 1998, which Thomas has signed. See Venture Assoc. Corp., 987 F.2d at 431 (court can consider documents defendants attaches to motion to dismiss if central to plaintiff's claim); Menominee Indian Tribe v. Thompson, 161 F.3d 449, 456 (7th Cir. 1998).

Thomas's complaint is devoid of any allegation that she took efforts to inquire about these charges either at the time she signed both the HUD-1 Settlement Statement and Truth in Lending Statement or afterwards. If she signed the documents without reading them, she cannot argue that she acted diligently. Additionally, if she read the documents and asked no questions about the fees currently at issue either at the time of reading it or sometime thereafter she cannot contend that she acted in a diligent manner. See Johnson, U.S. Dist. LEXIS 21384, at *4-5; Diehl, 910 F. Supp. at 443-45; Training Inst., 937 F. Supp. at 751. Therefore, the court finds that Thomas's complaint does not provide a factual basis for the application of equitable tolling or fraudulent concealment. Accordingly, the court dismisses Counts I, II, III, IV, V, and VIII because Thomas has failed to allege any facts upon which she can show she is entitled to an exception to the applicable statute of limitations.

Having dismissed Counts I, II, III, IV, V, and VIII, the court turns to the viability of Counts V and VII. Only Ocwen has moved for the dismissal of these counts. Thomas brings Count V under § 2607 of RESPA. She alleges that Ocwen imposed improper fees on a payoff statement when Thomas attempted to refinance her loan with AMA. Ocwen argues, and the court agrees, that § 2607 of RESPA only applies to fee-splitting and referrals for settlement services and does not apply to charges incurred after closing and unrelated to settlement services. See e.g., Bloom v. Martin, 77 F.3d 318 (9th Cir. 1996). Ocwen further argues, and the court also agrees, that the alleged fees on the payoff statement are unrelated to settlement services. Thomas has failed to present any argument to the contrary in her response brief. Therefore, because Count V is based on fees unrelated to settlement services, the court finds that it fails to state and claim under § 2607 of RESPA and must be dismissed.

Finally, Count VII alleges a violation of the FDCPA. Count VII is problematic because it does not sufficiently notify Defendants or the court against which Defendant it is being brought. Although Count VII is titled "Ocwen Refused to Cease Communication with Plaintiff," the factual allegations are directed toward "Defendants" generally. In her response, Thomas makes clear that this claim is brought only against Litton. Accordingly, the court finds that this claim is brought only against Litton and dismisses it insofar as it may have been interpreted to apply to Ocwen or any of the other Defendants.

## CONCLUSION

For the foregoing reasons, Thomas's complaint is dismissed as against Ocwen, Marquette, and Meritage.

_____
Charles P. Kocoras
United States District Judge

Dated: JAN 23 2002